Tagged Opinion



**ORDERED in the Southern District of Florida on January 10, 2007.**

Paul G. Hyman, Chief Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

```
In re:                              CASE NO.: 05-33795-BKC-PGH
                                    CHAPTER 7
Mary Beth Sawran,

    Debtor.
_____/

Michael R. Bakst, Trustee in        ADV. NO.: 06-1679-BKC-PGH-A
Bankruptcy for Mary Beth
Sawran,

    Plaintiff,

v.

Daniel Sawran and
Barbara Sawran, jointly and
severally, and Sue Johnson
a/k/a Susan J. Sawran,

    Defendants.
_____/
```

**MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART TRUSTEE'S REQUEST TO RECOVER ESTATE PROPERTY PURSUANT TO 11 U.S.C. § 550**

**THIS MATTER** came before the Court for trial on November 6, 2006, upon Trustee's *Complaint to Recover Estate Property Pursuant to 11 U.S.C. § 550*.  The Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

*The Preference Action*

On July 27, 2005, Mary Beth Sawran (the "Debtor") filed a voluntary Chapter 7 bankruptcy.  On January 12, 2006, Michael R. Bakst (the "Trustee") filed a *Complaint to Avoid Preferential Transfer Pursuant to 11 U.S.C. § 547* (Adversary Case No.: 06-01032-BKC-PGH-A) against John Sawran (the "Debtor's Father"), for a payment in the amount of $20,000.00 that had been made to the Debtor's Father by the Debtor through the Debtor's attorney on March 28, 2005.  The $20,00.00 transfer arose from the proceeds of a personal injury claim settled on behalf of the Debtor resulting from an automobile accident.  On January 24, 2006, the Debtor's Father, acting pro se, filed a letter that was construed as an *Answer to the Complaint* (the "Letter Answer").  On February 16, 2006, the Trustee filed a *Motion for Judgment on the Pleadings* against the Debtor's Father, based on the fact that the Letter Answer did not dispute the debt but instead requested time to make monthly payments.  After a hearing on March 23, 2006, the Court entered an *Order Granting the Trustee's Motion for Judgment*

*on the Pleadings* (the "Order"). The Order determined that the Trustee was entitled to avoid the preferential transfer to the Debtor's Father and to recover the principal amount of $20,000.00 plus costs and interest, for a total of $20,436.40 (the "Avoided Transfer"), in addition to post judgment interest at the statutory rate prescribed by law.

***The Instant Action***

The instant adversary proceeding was commenced on July 12, 2006, when the Trustee filed a *Complaint to Recover Estate Property Pursuant to 11 U.S.C. § 550* (the "Complaint"). The Complaint alleges that the Defendants are subsequent transferees of the Avoided Transfer and that the estate is entitled to recover against the Defendants pursuant to 11 U.S.C. § 550(a)(2). On August 4, 2006, the Defendants filed *Defendants' Answer to Complaint to Recover Estate Property Pursuant to 11 U.S.C. § 550* (the "Answer").

A trial was held on November 6, 2006, at which time the Debtor's Father testified that he accepted the Avoided Transfer in return for supporting the Debtor from December 2003 onward, during which time the Debtor had no income or medical insurance. The Debtor's Father also testified that he informed the Debtor that he would give her the $20,000.00 on an as needed basis because he was concerned about her excessive spending.

The Debtor's Father further testified that in April 2005, prior to the Debtor filing bankruptcy, his health deteriorated. He was incapacitated for six weeks from a medical condition and did not feel capable of properly allocating the monies received from the personal injury suit to the Debtor. Consequently, on or about April 14, 2005, the Debtor's Father transferred $10,000.00 to his son and daughter-in-law, Daniel and Barbara Sawran, and $10,000.00 to his daughter, Susan Sawran (Daniel, Barbara and Susan Sawran will be collectively referred to as the "Defendants").  He instructed the Defendants to disburse the money to the Debtor for rent and living expenses. The Debtor's Father was not indebted to any of the Defendants prior to these transfers.

The Defendants' exhibits show that Susan Sawran paid $10,000.00 to the Debtor between May 14, 2005 and June 24, 2005, all prior to the Debtor filing bankruptcy. Daniel and Barbara Sawran paid $2,000.00 to the Debtor on June 28, 2005, prior to the Debtor filing bankruptcy.  Daniel and Barbara Sawran paid an additional $8,000.00 to the Debtor between August 2, 2006 and September 9, 2005, after the Debtor filed bankruptcy.

On November 20, 2006, the Court *sua sponte* entered an *Order Setting Briefing Schedule,* instructing the parties to submit post-trial supplemental briefs to address whether the Defendants should be credited for payments made to the Debtor prepetition

after the alleged transfer took place, since this issue had not been addressed at trial.  On November 22, 2006, the Defendants filed *Supplemental Brief on Behalf of Defendants Pursuant to Court Order of November 20th [sic], 2006*, arguing that the Defendants should be credited for prepetition payments to the Debtor as such payments acted as new value.  On November 30, 2006, the Trustee filed *Trustee's Supplemental Memorandum of Law* ("Supplemental Memorandum"), asserting that the Defendants cannot assert a new value defense.  The Supplemental Memorandum further argues that at most a new value defense would have been available only to the Debtor's Father.

## **CONCLUSIONS OF LAW**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(F).

The Trustee's Complaint alleges that the Defendants are subsequent transferees of the initial transferee, the Debtor's Father, who was the recipient of the Avoided Transfer.  The Trustee contends that the estate is entitled to recover the transfer from each Defendant pursuant to 11 U.S.C. § 550(a)(2).

Section 550 allows a trustee to recover the transferred property or its value to the extent that the trustee has successfully avoided a voidable transfer.  11 U.S.C. § 550(a).

Section 550(a)(1) provides that the trustee may recover the value of such property from either an initial transferee or "the entity for whose benefit such transfer is made."  11 U.S.C. § 550(a)(1).  Under section 550(a)(2), the trustee may also recover from an immediate or mediate transferee (i.e., a subsequent transferee), but this right of recovery is not absolute.

Section 550 exists "to restore the estate to the financial condition it would have enjoyed if the transfer had not occurred."  *In re Am. Way Serv. Corp.*, 229 B.R. 496, 530-531 (Bankr. S.D. Fla. 1999)(quotations and citations omitted).  Section 550(d) embodies this purpose by limiting a trustee's recovery to a single satisfaction under section 550(a).  11 U.S.C. § 550(d).  Section 550(d) typically arises in a situation where a partial recovery is obtained from an initial transferee of the avoided transaction, and a trustee then seeks to obtain further recovery from a subsequent transferee.  *See Harrison v. Brent Towing Co. (In re H & S Transp. Co.)*, 110 B.R. 827, 832 (M.D. Tenn. 1990).

Section 550 is also a recognition that the avoidance of a voidable transfer and the recovery from the transferee are distinct from one another.  *See In re Burns*, 322 F.3d 421, 427 (6th Cir. 2003).  While the avoidance of a transfer is necessary in order to recover from a transferee, avoidance of a transfer does not automatically entitle a recovery pursuant to section

550.  *Id.*  "That is, when the avoidance of a transfer does not fully satisfy the estate, then the trustee may seek to recover the property transferred, but when the avoidance alone is a sufficient remedy, there is no need for the trustee to seek recovery."  *Id.*

In recognition of the distinction between recovery and avoidance, section 550(d) "empowers courts to prohibit a trustee from recovering under [s]ection 550(a) from a transferee that has already returned to the estate that which was taken in violation of the Code."  *Dobin v. Presidential Fin. Corp. of Delaware Valley (In re Cybridge Corp.),* 312 B.R. 262 (D. N.J. 2004). In *Cybridge*, the trustee sought to recover an avoidable collection of postpetition receivables to a creditor. *See Dobin v. Presidential Fin. Corp. Of Delaware Valley (In re Cybridge*), 304 B.R. 681, 683 (Bankr. D. N.J. 2004).  The *Cybridge* bankruptcy court held that the trustee was entitled to avoid the post-petition collection of the accounts receivable under 11 U.S.C. § 549. *Id.* at 684.  The *Cybridge* bankruptcy court also held that the trustee was not entitled to recovery since the creditor was entitled to a credit for loans made to the debtor while it operated as a debtor-in-possession.  *Id.*

On appeal, the district court in *Cybridge* found that the bankruptcy court's order was appropriate under both a section 550(d) analysis and under the court's equitable powers pursuant

to section 105(a). *Cybridge*, 312 B.R. at 270. The district court looked at the plain language of 550(d) and found that when a creditor has paid the estate more than the trustee is entitled to collect from the creditor, any recovery would be tantamount to a second satisfaction. *Id*. This result is prohibited under section 550(d)'s "single satisfaction" rule. *Id*. Such a result – in allowing the trustee to avoid accounts-receivable transfers, recover the money collected, and keep for the estate money loaned by the creditors – would create a windfall for the estate that is contrary to the purpose of section 550. *Id.*

The rationale of *Cybridge* has also been applied in the context of a subsequent transferee. *See Belford v. Cantavero (In re Bassett)*, 221 B.R. 49 (Bankr. D. Conn. 1998). In *Bassett*, the trustee brought an adversary proceeding to avoid as a fraudulent transfer the debtor's reconveyance of a parcel of real property back to a friend. *Id.* The debtor originally used the property as collateral to obtain a bank loan. *Id.* at 50. After the debtor quitclaimed the property back to his friend (the initial transferee), the friend executed a quitclaim deed of the property to his wife (the subsequent transferee). *Id*. The subsequent transferee then refinanced the property, which paid off the bank loan. *Id*. The *Bassett* bankruptcy court concluded that while the debtor possessed an equitable lien in the property that could be avoided pursuant to 11 U.S.C. § 548, the trustee was not entitled

to recovery. *Id.* at 55. Since the subsequent transferee had refinanced the property and paid off the debtor and his future bankruptcy estate's obligation on the bank loan, the subsequent transferee was shielded from recovery. *Id.* The *Bassett* bankruptcy court based this on both the subsequent transferee satisfying the Debtor's future bankruptcy estate to the extent of the avoided transfer as well as the "single satisfaction" rule of section 550(d). *Id.*

The legal analysis and underlying policy considerations in *Cybridge* and *Bassett* are persuasive to the Court. Allowing the Trustee to recover the entire $20,000.00 transferred to the Defendants under these facts would be a result wholly unintended under section 550. It is undisputed that the Defendants paid $12,000.00 to the Debtor prepetition. To permit the Trustee to recover $20,000.00 from the Defendants would create a windfall of $12,000.00 that violates the single satisfaction rule of section 550(d). To the extent that the Defendants made prepetition payments to the Debtor, the preferential transfer to the initial transferee has been satisfied. The Court finds that the Trustee's right to recover under section 550(a)(2) is partially satisfied by the $12,000.00 in prepetition payments made to the Debtor by the Defendants.

The Court also finds that the Defendants should be credited for prepetition payments made to the Debtor pursuant to its

equitable powers under 11 U.S.C. § 105(a).[1]  Section 105(a) provides a court equitable powers that "must and can only be exercised within the confines of the Bankruptcy Code. *Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206 (1988).

Courts have often used section 105(a) to mitigate the harsh results from a literal application of section 550.  *See Huffman v. Commerce Sec. Corp. (In re Harbour)*, 845 F.2d 1254 (4th Cir. 1988).  "It has long been recognized that in applying Section 550(a), courts should eschew a literal interpretation of this section and temper its application by examining all the facts and circumstances of that case."  *Friedman v. Vinas (In re Trauger)*, 109 B.R. 502 (Bankr. S.D. Fla. 1989).  *See also Gropper v. Unitrac, S.A. (In re Fabrice Buys of Jericho),* 33 B.R. 334 (Bankr. S.D.N.Y. 1983); *Metsch v. City Nat'l Bank of Miami (In re Columbian Coffee Co., Inc.),* 64 B.R. 585 (Bankr. S.D. Fla. 1986). This prevents a trustee from being able to "recover from a party who is innocent of wrongdoing and deserves protection." *In re Fabrice Buys of Jericho, Inc.,* 33 B.R. at 337.  Courts usually invoke section 105(a) in the context of a section 550(a) analysis

---

[1]Section 105(a) provides:
"The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."

when holding that a trustee cannot recover against the initial recipient of an avoided transfer because that recipient is a "mere conduit" of funds and not an initial transferee under section 550(a)(1).  *See In re Harbour,* 845 at 1256-57.

Section 105(a) has also been exercised to grant an equitable credit to transferees of avoided postpetition transfers when doing so does not conflict with other provisions of the Code. *See Dobin v. Presidential Fin. Corp. of Delaware Valley (In re Cybridge Corp.),* 312 B.R. 262, 271-73 (D. N.J. 2004).  Even if there are no defenses available pursuant to another section of the Code, the Court is still empowered to grant an equitable credit as a proper exercise of section 105(a).[2]  *Id.* at 272-273. Under these facts, granting an equitable credit is in accordance with the objectives of the Code.  Section 550 is designed to restore the estate to the financial condition that would have existed had the transfer never occurred.  *In re Am. Way Serv. Corp.*, 229 B.R. 496, 530-31.  Conferring a windfall to the

---

[2] Under these facts, the new value defense of 11 U.S.C. § 547(c)(4) is unavailable to both the Debtor's Father and the Defendants.  The Defendants cannot assert a new value defense because section 547 applies only to the initial transferee of the preferential transfer.  A new value defense would fail if asserted by the Debtor's Father because the text of 11 U.S.C. § 547(c)(4) mandates that the source of new value come from *such* creditor as to whom the preferential transfer was made.  Only a credit-transferee, not a third party, can extend new value to a debtor and receive the benefit of the new value defense.  *See First Security-Bank v. Davis (In re Telsave Corp.)*, 116 Fed. Appx. 91 (9th Cir. 2004).

Debtor's estate would be contrary to section 550's purpose of merely restoring the estate to its pre-transfer condition.

In holding that the Defendants are entitled to an equitable credit in the amount of transfers made prepetition to the Debtor, the Court finds that the Defendants are innocent of wrongdoing and deserve protection under these circumstances. The Defendants accepted the $20,000.00 from the Debtor's Father in order to help the Debtor's Father during a period of poor health. The Defendants were not motivated by personal gain in accepting the transfer from the Debtor's Father and never attempted to manipulate the Debtor or the Debtor's Father for personal gain. After accepting the transfers, the Defendants disbursed the money to the Debtor as requested by the Debtor's Father. Given the above circumstances, the Court finds it necessary and proper to exercise its powers under section 105(a) to issue an equitable credit in the amount of $10,000.00 to Susan Sawran and $2,000.00 to Daniel and Barbara Sawran in order to prevent the estate from receiving a windfall.

Given the Court's holding that the Defendants are entitled to relief pursuant to section 105(a) and section 550(d) as to payments made to the Debtor prepetition, the only remaining issue, as raised in the Defendants' Answer, is whether the Trustee should be precluded from recovering the $8,000.00 in postpetition transfers to the Debtor on the basis that the

Defendants have satisfied the affirmative defenses to subsequent transferee liability as set forth under 11 U.S.C. § 550((b)(1).

A trustee's right of recovery under section 550(a)(2) is limited by section 550(b)(1), which precludes recovery from "a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the transfer avoided."  11 U.S.C. § 550(b)(1).  The burden of proving the elements of a 550(b)(1) defense falls upon the subsequent transferee.  *See In re Data Lease Financial Corp.,* 176 B.R. 285, 287 (Bankr. S.D. Fla. 1994).

In asserting a section 550(b)(1) defense, the Defendants must prove that the subsequent transferee took the property: 1) for value; 2) in good faith; 3) and without knowledge that the avoided transfer was voidable.  The Court finds that the Defendants acted in good faith and were without knowledge of the voidabiilty of the  transfer.  The sole remaining legal issue, therefore, is whether the Defendants furnished value under 11 U.S.C. § 550(b)(1).  The Defendants argue that they provided value in the form of services in administering the Debtor's Father's responsibility in providing for the Debtor.  Defendants further argue that the Debtor's Father received the intangible benefit of family affection.

Under section 550(b)(1), courts determine whether the subsequent transferee provides "value" by ascertaining what the

transferee gave up in the transaction, as opposed to what the transferor received. *See Bonded Financial Services, Inc. v. European American Bank*, 838 F.2d 890, 897 (7th Cir. 1988). Defendants presented no evidence that they gave up anything to the Debtor's Father in exchange for the transfer of funds to them. Defendants conceded that nothing was provided in exchange for the $20,000 provided to them and that no consideration was given to the Debtor's Father in exchange for the subsequent transfers.

Defendants argue that caselaw supports the proposition that the definition of value includes services. *See In re Geothermal Resources International, Inc.,* 93 F.3d 648 (9th Cir. 1996). However, *Geothermal Resources* is inapposite. *Geothermal Resources* is an analysis under section 549(b), not section 550(b). Section 549(b) explicitly includes services within its definition of value. Section 550(b), conversely, only supplements its definition of value with the language "including satisfaction or securing of a present or antecedent debt." 11 U.S.C. § 550(b)(1). Furthermore, *Geothermal Resources* is actually an argument *against* the Defendants' position, standing for the proposition that "[v]alue under § 549(b) requires proof of services *performed* not services *promised* [to the debtor]." *Id.* at 651 (emphasis in original). Section 550(b)(1) requires that a subsequent transferee transfer something of value that takes

the interests of creditors into consideration.  *See Rodgers v. Monaghan Co. (In re Laguna Beach),* 159 B.R. 562 (Bankr. C.D. Cal. 1993).  The Court finds that the Defendants' promise of future services to the Debtor's Father did not constitute "value" within the meaning of 11 U.S.C. § 550(b)(1).  Therefore, the Trustee is entitled to recover against the Defendants' to the extent that the Defendants made payments to the Debtor postpetition.

## CONCLUSION

For the reasons stated above, the Court finds that the Trustee is entitled to recover against Defendant Daniel and Barbara Sawran as subsequent transferees of an avoided preferential transfer to the Debtor's Father, to the extent that they made payments to the Debtor postpetition.  The Court finds that the Trustee is not entitled to recover against Defendant Susan Sawran, as all payments were made to the Debtor prepetition.  The Court will enter a separate final judgment pursuant to Federal Rule of Bankruptcy Procedure 9021 in the Trustee's favor for the postpetition transfers made by Defendants Daniel and Barbara Sawran to the Debtor.

## ORDER

The Court, having considered the evidence presented at trial, the testimony of the witnesses, the argument of counsel, the applicable law and the submissions of the parties, and being

otherwise fully advised in the premises hereby **ORDERS AND ADJUDGES:**

1) The Trustee shall recover from Defendants Daniel Sawran and Barbara Sawran, jointly and severally, the principal amount of $8,000.00, costs in the amount of $250.00, the total of which shall accrue post-judgment interest at the statutory rate prescribed by law.

2) The Trustee shall not recover from Defendant Susan J. Sawran and the adversary proceeding is **DISMISSED** as to the Defendant.

###

Copies Furnished to:

Stuart A. Young, Esq.

Michael R. Bakst, Esq.

AUST